075982.0644(207)                              RMC:las

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MERRIMACK MUTUAL FIRE INSURANCE COMPANY,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**CRESCENT CHEMICAL CO., INC.,** )<br>**a New York corporation, and ELLES** )<br>**VAUGHAN, Individually and as** )<br>**Special Administrator for the Estate** )<br>**of JAN M. WITSTOK, Deceased,** )<br>)<br>**Defendants.** ) | Case No. 3:15-cv-1334 |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes the Plaintiff, Merrimack Mutual Fire Insurance Company, by its attorney, Robert Marc Chemers of Pretzel & Stouffer, Chartered, and for its Complaint for Declaratory Judgment against the Defendants, Crescent Chemical Co., Inc., a New York corporation, Elles Vaughan, Individually and as Special Administrator for the Estate of Jan M. Witstok, Deceased, alleges the following:

### JURISDICTION

1.     The jurisdiction of this Court is premised upon 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, in this action seeking a declaration of no insurance coverage.

## VENUE

2. Venue is premised upon 28 U.S.C. § 1391 as the underlying action is pending in this District.

## THE PARTIES

3. Merrimack Mutual Fire Insurance Company (hereinafter "Merrimack") is a Massachusetts insurance corporation, which maintains its principal place of business in Andover, Massachusetts, and which at all times herein relevant was licensed to and which did transact insurance business in the State of New York and elsewhere.

4. Crescent Chemical Co., Inc. (hereinafter "Crescent") is a New York corporation which maintains its principal place of business in Islandia, New York.

5. Elles Vaughan (hereinafter "the underlying Plaintiff") is the plaintiff in a certain action brought against Crescent and others in another Court, which action will be more fully described later herein, and who is a nominal but interested party to this declaratory judgment action. Merrimack seeks no relief from the underlying Plaintiff, who has been joined herein as a party defendant solely in order to be bound by the judgment rendered in this cause. The underlying Plaintiff is a resident and citizen of the State of California.

## THE MERRIMACK POLICIES

6. Merrimack issued its policy of insurance numbered CLX1866108 to Crescent as named insured. The initial policy provided for Commercial General Liability Insurance, on a primary basis, for the effective period of January 14, 2001 to January 14, 2002. A true

and correct copy of the Merrimack policy is attached hereto, made a part hereof and is marked as Pleading Exhibit A. The renewal policies issued for the periods of January 14, 2002/03 and January 14, 2003/04 are attached hereto, made a part hereof and are marked as Pleading Exhibits B and C, respectively.

### THE UNDERLYING LITIGATION

7. The underlying Plaintiff filed an action against Crescent and others in the Circuit Court of the 3rd Judicial Circuit, Madison County, Illinois, under Cause No. 15 L 632. A true and correct copy of the Amended Complaint in that action is attached hereto, made a part hereof and is marked as Pleading Exhibit D.

8. The underlying Plaintiff seeks damages for wrongful death from diagnosed mesothelioma as an alleged result of exposure to products containing asbestos or asbestos fibers which were allegedly designed, manufactured, sold, delivered, distributed, processed, applied, specified and/or installed by Crescent, all of which more fully appears in Pleading Exhibit D attached hereto.

### TENDER OF DEFENSE

9. Merrimack has refused to provide Crescent with a defense under the policies issued to Crescent for the underlying Plaintiff's claim for the reasons herein stated, namely, the policies exclude coverage for bodily injury caused by products.

### COUNT I
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND)

10. Merrimack adopts and repeats the allegations of ¶¶ 1 through 9 as and for ¶ 10 hereof as though the same was fully set forth herein.

11. While the Merrimack policies extend coverage to an insured for "bodily injury" or "property damage" as defined therein, the claims in the underlying action by the underlying Plaintiff do not involve either as caused by an "occurrence" as those terms are defined.

12. The Merrimack policies were endorsed with an exclusion for bodily injury included within the products-completed operations hazard as follows:

**THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY**

CG 21 04 11 85

**EXCLUSION – PRODUCTS – COMPLETED OPERATIONS HAZARD**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

This insurance does not apply to "bodily injury" or "property damage" included within the "products–completed operations hazard."

13. Each Merrimack policy defines the term "products-completed operations hazard" as follows:

> **16.** "Products-completed operations hazard":
>
> **a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:
>
> **(1)** Products that are still in your physical possession; or
>
> **(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

4

    **(a)** When all of the work called for in your contract has been completed.

    **(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

    **(c)** When that part of the work done at a job site has bene put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

   Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

In addition, each policy defined the term "your product" as used in the aforesaid definition for "products-completed operations hazard" as follows:

 **21.** "Your product":

  **a.** Means:

   **(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

    **(a)** You;

    **(b)** Others trading under your name; or

    **(c)** A person or organization whose business or assets you have acquired; and

   **(2)** Contains (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

       **b.**    Includes

            **(1)**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product;" and

            **(2)**    The providing of or failure to provide warnings or instructions.

       **c.**    Does not include vending machines or other property rented to or located for the use of other but not sold.

14. The above contentions of Merrimack are, on information and belief, denied by Crescent which, in turn, contends that it is entitled to coverage under the Merrimack policies of insurance. Merrimack, in turn, denies the contrary contentions of Crescent and each of them.

15. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms of 28 U.S.C. § 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein, and to adjudicate the final rights of all parties, and to give such other and further relief as may be necessary to enforce the same.

### PRAYERS FOR RELIEF

**WHEREFORE,** the Plaintiff, Merrimack Mutual Fire Insurance Company, prays that this Court enters judgment finding and declaring the rights of the parties as follows:

### AS TO COUNT I:

A.	That Merrimack Mutual Fire Insurance Company has no duty or obligation to provide a defense to Crescent Chemical Co, Inc. for the action filed in the Circuit Court of the 3rd Judicial Circuit, Madison County, Illinois under Cause No. 15 L 632, under its policies of insurance.

B.	That the Court grant Merrimack Mutual Fire Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C.	That Merrimack Mutual Fire Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

Respectfully submitted:

**s/ Robert Marc Chemers**
Robert Marc Chemers
Bar Number: 00431508
*Attorneys for Plaintiff*
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive
Suite 2500
Chicago, Illinois 60606
Telephone:	(312) 578-7548
Fax:	(312) 346-8242
E-Mail:  rchemers@pretzel-stouffer.com